[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This matter was tried before the Court, jury waived, on Plaintiff's complaint for declaratory judgment pursuant to G.L. 1956 § 9-30-2. Specifically, the Plaintiff seeks a declaratory judgment requesting that the Court define whatever obligations it may have to offer employment to the Defendant, a former high school football coach.
 Findings of Fact
Defendant, Raymond Dube, was a retired teacher for the Exeter-West Greenwich Regional School District. After he retired, Mr. Dube served as the athletic coach of the Exeter-West Greenwich High School football team. He held this position from 1999 to 2002.
In June of 2002, the Rhode Island General Assembly enacted 2002 P.L. Chapter 383. Mr. Dube feared that the new statute would affect his ability to receive retirement benefits. In fall of 2002 at the end of the football season, Mr. Dube approached Steven McGrane, the school district's athletic director, and Mr. Dube's supervisor. Mr. Dube informed Mr. McGrane that he would not be able to hold the coaching position because of the new law.
The conversation was held at a local basketball game and was not followed up by any writing. Mr. McGrane considered Mr. Dube's remarks as constituting a resignation. There was no written resignation, nor did the School Committee terminate Mr. Dube on its own.
Mr. McGrane served on a search committee to fill the coaching position. Mr. Dube approached Mr. McGrane at another game to recommend an assistant coach for the vacancy. The coaching position was filled at a School Committee meeting held in April of 2003. A new coach was hired to fill the position for the fall, 2003 football season. Mr. Dube did not apply to fill to vacancy, but spoke in favor of the assistant coach at the School Committee meeting.
Mr. Dube took no action to reclaim the position. In fact, the School Committee is the Plaintiff here, having initiated this declaratory judgment action in 2005.
 Standard
The General Laws empowers this Court with jurisdiction to construe contract rights:
 Power to construe. Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder. G.L. § 9-30-2.
 Discussion
While Mr. Dube testified that he merely expressed concern at the basketball game and did not resign, his testimony is not highly credible. Mr. Dube said that he asked Mr. McGrane to "look into the issue," though Mr. Dube appears intelligent enough to be able to contact counsel, union officials, or the Retirement Board on his own. Mr. Dube claimed that another person was present for the conversation, but did not present his testimony at trial. Further, Mr. Dube never claimed the position in writing, nor did he apply for the vacant position. He clearly knew the position was being filled. Mr. Dube's testimony was that at the conversation they had they "talked in generalities" which was inconsistent with Mr. McGrane's testimony
It is noteworthy that the new statute, at first blush, would appear to place Mr. Dube's pension benefits in jeopardy, which may have encouraged him to resign. Nevertheless, he failed to indicate that he asked anyone else for assistance, other than Mr. McGrane. Mr. Dube alleges that he did not know that he might be able to continue in the position until a separate case was decided by the Rhode Island Superior Court. Merolla v.City of Providence, P.C. 03-5440, was decided on August 11, 2004. Hence, Mr. Dube would not have pressed for continued employment until after August of 2004, 16 months after he was replaced. Mr. McGrane's testimony is therefore more sensible and consistent.
Mr. Dube resigned from his position as head coach. He resigned at the basketball game in 2002. No argument was made that his resignation must be in writing. Neither party introduced a collective bargaining agreement to substantiate that Mr. Dube had a continued right to employment, or that any other formality must be followed to replace a coach. Moreover, Mr. Dube knew that he was being replaced and took no action to reclaim the position.
Mr. Dube's counsel cites Merolla v. City of Providence, supra, for the proposition that Mr. Dube was never dismissed; hence, he could not be replaced. In Merolla, the School Department attempted to oust the employee. The court found "he was unceremoniously discharged from his duties in August 2003." Slip Op. at 7. Here, Mr. Dube voluntarily resigned. Though he may have believed he would forfeit retirement benefits if he did not resign, he voluntarily vacated the position. Following the analysis of Merolla, the position was made vacant by Mr. Dube's resignation and it was an "unoccupied or open position waiting to be filled by a permanent employee." Merolla at 7, citing Black's LawDictionary, 1546 (7th ed. 1999).
Not having demonstrated any additional rights via a collective bargaining agreement, Mr. Dube was an at-will employee of the school district. As our high court has recently held:
 "The law in Rhode Island is clear that employees such as plaintiff who are hired for an indefinite period with no contractual right to continued employment are [considered] at will employees who are subject to discharge at any time for any permissible reason or for no reason at all." Galloway v. Roger Williams University, 777 A.2d 148, 150 (R.I. 2001) (Citations deleted.)
As the time of employment was not established by the parties in advance, the employment relationship is terminable at will by either the employee or the employer. See Hilton v. Fraioli, 763 A.2d 599, 602 (R.I. 2000) (citing Payne v. K-D Manufacturing Co., 520 A.2d 569, 573 (R.I. 1987)). The new statute, G.L. § 16-16-24(b), does not provide a retired employee with any preferential employment rights. Rather it vests the School Committee with broad discretion in hiring. Using the phrase "may be employed," G.L. § 16-16-24(b) vests the local committee with significant latitude.[1]
 Conclusion
Mr. Dube failed to show any agreement or law which vests him with continued employment rights or a right to preferential treatment for hiring. Accordingly, the School Committee need not offer the coaching position to Mr. Dube. The School Committee is not required to reserve the coaching position for Mr. Dube. The School Committee established that this was an employment at will, and was entitled to replace the employee at its will. The school district is not required to offer the position to a non-retired employee. However, the School Committee shall attempt to fill the position with a non-retired employee prior to offering it to a retired employee. Declaratory judgment is therefore awarded in favor of the Plaintiff. Counsel shall submit an appropriate judgment.
[1] The statute requires that the school district make an effort to fill the position with a non-retired employee before hiring a retired employee.